G. W. ALLEN *vs.* NILS SWENSON *et al.*

Submitted on briefs April 4, 1893.   Decided April 27, 1893.

**An Answer Construed.**

*Held,* that the answer set up a good defense, and consequently that it was error to order judgment for the plaintiff on the pleadings.

Appeal by defendants, Nils Swenson and five others, from a judgment of the District Court of Polk County, *Ira B. Mills,* J., entered July 2, 1892, upon the pleadings for $404.22. The action was upon a promissory note. The trial court held that the answer stated no defense, and gave judgment for plaintiff for the amount claimed.

*William Watts,* for appellants.

*A. C. Wilkinson,* for respondent.

MITCHELL, J.   The allegations of the answer are insufficient to entitle the defendant to any reformation of the written contract. It is merely alleged that the plaintiff stated to the defendants that the horse referred to "had been imported from Scotland, and was registered in Scotland," but it is not alleged that this statement was made as a warranty, or that it formed, or was intended to form, a part of the contract of the parties, nor does it appear that it was material to the transaction.   But it does appear from the answer, and the written contract attached, that the note sued on was given for part of the purchase price of a horse sold and delivered by plaintiff to defendant; that as part of the same transaction, and as part consideration for the note, the plaintiff guarantied that the horse was named "Pride of Huron," and numbered 2,397, and was a full Clydesdale horse, and registered, and that he would furnish defendants a certificate of registration within ninety days; otherwise,

the note to be void, and returned to them. The note was, by its express terms, conditioned upon a full pedigree of the horse being furnished within the time stipulated. The answer further alleges that the horse was not numbered 2,397 in the book of registration, and that plaintiff has never furnished the defendants any certificate of registration, by reason whereof they have sustained damage, etc.

Without determining whether the warranty as to the number of the horse was material, the covenant or promissory warranty to furnish the defendants with a certificate of registration as evidence that the horse was, as warranted, (a full Clydesdale, with a registered pedigree,) certainly was material. This certificate the plaintiff, according to the answer, never had furnished, and by the terms of the contract the payment of the note was conditioned upon such a certificate being furnished. To order judgment for plaintiff on the pleadings was therefore error.

There is nothing in the point that defendants should have rescinded the contract, and returned the horse, within a reasonable time after plaintiff's failure to furnish the certificate, and that by their failure to do so they had waived plaintiff's default, and elected to accept the horse without a pedigree as performance of the contract. They were not put to any such election. They had a right to retain the property, and stand on the contract.

Judgment reversed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1065.)